Woods and another *vs.* Woods.

---

No. 97.—WILSON WOODS and another, by their guardian, plaintiffs in error, *vs.* WILLIAM WOODS, former guardian, defendant in error.

[1.] In a bill by the ward against a guardian for settlement, alleging that he has wasted the estate; that his sureties have been discharged by the Court of Ordinary; that the waste occurred *before their discharge,* and that the complainants have no means of proving that fact, but by resort to the conscience of the defendant, and a discovery and decree is asked, ascertaining and fixing *the time* of the waste, with a view to charge the sureties in a future action, the discovery and decree allowed, but no opinion given as to whether that decree will be evidence in a future suit to charge the sureties.*

In Equity, in Morgan Superior Court. Decision on demurrer, by Judge MERRIWETHER, September Term, 1849.

William Woods was appointed guardian of Wilson Woods and Augustus Woods, and gave bond, with John Woods and John Vason as his sureties, and as guardian, received a large sum of money and other property belonging to the said minors.

In the year 1839, Vason was discharged from future liability on his bond, and William Woods gave a new bond as guardian of Wilson Woods, and John Woods was appointed guardian of Augustus Woods.

In the year 1849, the plaintiffs in error filed a bill against William Woods, charging that he had committed various breaches of his bond, during the liability of Vason; had wasted the estate and converted it to his own use; that the guardian and all the sureties on the new bonds were insolvent, and that the facts charg-

---

*See ante, *Alexander vs. Mercer et al.*—[Rep.]

ed were within the knowledge of William Woods, and could not be proven by complainants in any other way. The bill prayed a discovery of the facts charged, and that by a decree of the Court, William Woods might be compelled to account for the money, &c. that came to his hands, and was, by him, converted to his own use, during the time that John Vason was liable as surety, and that by the decree, the *time* of the waste, by the guardian, may be *determined,* and for general relief.

To this bill a demurrer was filed, on the grounds—

1st. That the complainants are not entitled to any discovery, as prayed for in their bill, as to *the time* when the waste occurred, as charged in the bill.

2d. That the complainants are not entitled to have a decree, as prayed for in their bill, to show that the waste occurred during the time of John Vason's liability—his representatives not being a party to the bill.

Upon argument, the Court sustained the demurrer, upon the grounds stated therein ; and to this decision complainants excepted.

CONE, for plaintiffs in error.

A. REESE, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The right to call upon this guardian for a settlement is unquestionable—the right of discovery as to the amount of his devastavit, under the allegations of the bill, is also without question. The only question is, as to the right of the plaintiff to discover, and a decree which shall ascertain and fix the time when the devastavit occurred. The object of such a decree is declared in the bill to be, to charge the first sureties, by showing that the waste occurred before their discharge. The sureties are not parties to this bill. They are stated to have been sureties. The fact of their discharge by the Ordinary is stated—it is alleged that the waste took place before their discharge, and that the complainants have no means of proving that fact, but by resort to the conscience of the defendant. We see no principle of Equity in the way of the discovery and decree. The guardian, the principal, has no right

to object.  He stands indifferent between the plaintiff and his own sureties.  He is liable, at all events, to the plaintiff, and will be liable to his sureties, if they are made liable on their bond.

We shall reverse the judgment of the Court below on the demurrer, and allow the discovery and decree.  Whether that decree, as to the time of the devastavit, rendered in a cause to which the surety was not a party, will be evidence against him in a suit at the instance of these plaintiffs to charge him, is a question upon which this Court reserves its opinion.  Nor is it necessary now to say, what would have been the opinion of this Court upon a demurrer, upon the ground that the sureties are not made parties, as that point is not made in this record.